IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROGER JOHNSON, | CASE NO. 3:19-CV-01692-JJH |
| Plaintiff, | JUDGE JEFFREY J. HELMICK |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN SEAN BOWERMAN, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

## INTRODUCTION

On July 24, 2019, Petitioner Roger Johnson, a prisoner in state custody, filed a *pro se* Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, along with a Memorandum in Support. (ECF #1). Respondent Sean Bowerman, in his official capacity as Warden of the Toledo Correctional Institution, filed a Return of Writ (ECF #9) on November 29, 2019, and Mr. Johnson filed a Traverse to Return of Writ (ECF #11) on December 10, 2019. The District Court has jurisdiction over the Petition under § 2254(a). On August 28, 2019, pursuant to Local Civil Rule 72.2, this matter was referred to a Magistrate Judge for preparation of a Report and Recommendation (non-document entry of August 28, 2019), and was reassigned to me on May 21, 2021 pursuant to General Order 2021-06 (non-document entry of May 21, 2021).

For the reasons discussed below, I recommend the Petition be **DISMISSED**. I further recommend that Mr. Johnson's request for an evidentiary hearing be denied. Finally, I recommend that the District Court deny Mr. Johnson a certificate of appealability (COA).

FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, a state court's findings of fact are presumed correct and can be contravened only if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings are erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530.

In its opinion affirming the calculations of the Ohio Department of Rehabilitation and Correction's Bureau of Sentence Computation (BOSC), the Ohio Seventh District Court of Appeals summarized the facts underlying Mr. Johnson's appeal as follows:

> {¶2} This case concerns the calculation of multiple sentences stemming from Relator's multiple criminal cases spanning over 12 years. According to Relator, in a 1986 case he was sentenced to 8 to 25 years for aggravated robbery. In another case from that same year, Relator was sentenced to 1 year for forgery. In a 1990 case, Relator was sentenced to 2 to 5 years for theft and having a weapon while under disability and a consecutive 3-year gun specification sentence. And in a 1998 case, he was sentenced to 9 months for a prison assault.

> {¶3} Relator argues that the 1-year forgery sentence, the 3-year gun specification sentence, the 9-month prison assault sentence, and the 2-year minimum sentence for the theft and having a weapon while under disability convictions should have all been added to the 8-year minimum term of his aggravated robbery sentence. He also argues that the 5-year maximum term for the theft and having a weapon while under disability convictions should have been added to the 25-year maximum term for his aggravated robbery sentence. According to his calculations, Relator contends his aggregate indefinite sentence should be 14 years, 9 months to 30 years. Although Relator does not provide a specific calculation of a specific release date, he alleges that his 30-year maximum sentence expires in 2016.

> {¶4} The exhibits attached in support of Relator's petition reveal that he was also sentenced in 2015 to a 3-year consecutive sentence for possession of a deadly weapon while under detention. However, Relator fails to address this sentence in the substantive portion of his petition.

(ECF #9-1, PageID 145-46; *see also State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr. Bur. of Sentence Computation*, No. 16 MA 0069, 2016 WL 4594269, *1 (Ohio Ct. App. Aug. 31, 2016)).

## PROCEDURAL HISTORY

**Montgomery County, Case Nos. 86-CR-2505, 86-CR-2730.** Mr. Johnson is serving multiple sentences, the first of which he began serving in 1987 as a result of two cases, 86-CR-2505 and 86-CR-2730. (ECF #9-1, PageID 88-93). In 86-CR-2505, Mr. Johnson pled guilty and was convicted of one count of robbery for which he received an indeterminate sentence of five to fifteen years, and one count of forgery for which he received a determinate sentence of one year. (*Id.* at PageID 88). These sentences were to be served consecutive to each other, and consecutive to the sentence imposed in 86-CR-2730. (*Id.*). In 86-CR-2730, Mr. Johnson pled guilty and was convicted of one count of aggravated robbery for which he received an indeterminate sentence of eight to twenty-five years. (*Id.* at PageID 91). This sentence was to be served consecutive to the sentences in 86-CR-2505. (*Id.*). With credit for time served, his maximum sentence was calculated to June 17, 2027. (*Id.* at PageID 93, 151).

Mr. Johnson then appealed to the Second District Court of Appeals. *State v. Johnson*, No. 10377, 1987 WL 29492 (Ohio Ct. App. Dec. 17, 1987), *rev'd*, 532 N.E.2d 1295 (Ohio 1988), *cert. denied*, 489 U.S. 1098 (1989). The Second District found that when Mr. Johnson entered his plea of guilty, the trial court informed him of the minimum and maximum penalties for each of the three offenses, but made no reference to the possible maximum penalty for all offenses. *Id.* at *3-*4. Moreover, the trial court did not advise Mr. Johnson as to his eligibility for consecutive or concurrent sentences. *Id.* As a result, the Second District reversed and remanded the matter to the trial court. *Id.* The State appealed to the Ohio Supreme Court. *State v. Johnson*, 532 N.E.2d 1295

(Ohio 1988), *cert. denied*, 489 U.S. 1098 (1989). The Ohio Supreme Court determined the trial court was not required to inform Mr. Johnson of the maximum possible sentence he faced or that the sentences could be imposed consecutively. *Id.* at 1298. Therefore, it concluded, Mr. Johnson's rights under both the United States and Ohio Constitutions were not violated. *Id.* It reversed the Second District's judgment and remanded the matter to the trial court to reinstate Mr. Johnson's convictions. *Id.* at 1299. The United States Supreme Court denied Mr. Johnson's petition for writ of certiorari. *Johnson v. Ohio*, 489 U.S. 1098 (1989).

Mr. Johnson then filed a petition for post-conviction relief, alleging that his convictions for robbery in Case No. 86-CR-2505 and aggravated robbery in Case No. 86-CR-2730 violated his double jeopardy rights. *See State v. Johnson*, No. 11743, 1990 WL 65660 (Ohio Ct. App. May 17, 1990). The Second District agreed, finding that Mr. Johnson may have been convicted of robbery in Case No. 86-CR-2505 and aggravated robbery in Case No. 86-CR-2730 when both offenses were part of the same transaction. *Id.* at *2. The Second District reversed the orders dismissing Mr. Johnson's petitions for post-conviction relief and remanded for a rehearing. *Id.* On remand, the trial court dismissed the robbery charge in 86-CR-2505 and vacated the accompanying indeterminate sentence of five to fifteen years. (ECF #9-1, PageID 102). As a result, Mr. Johnson's maximum sentence was recalculated to September 2, 2012. (ECF #9-1, PageID 151).

Mr. Johnson filed another petition for post-conviction relief, alleging the trial court dismissed the wrong criminal case in relation to the double jeopardy error, or that he should have been permitted to withdraw his former guilty plea and plead anew as part of his post-conviction remedy, and that he was denied effective assistance of counsel. *State v. Johnson*, No. 12385, 1992

4

WL 5849, at *1-*3 (Ohio Ct. App. Jan. 17, 1992). The Second District rejected each of Mr. Johnson's claims and affirmed the trial court's judgment. *Id.* at *3.

**Montgomery County, Case No. 90-CR-3028.** Mr. Johnson was convicted of having weapons under disability and of theft, with firearms specification, in Case No. 90-CR-3028. (ECF #9-1, PageID 105). For each of these two convictions, Mr. Johnson received an indeterminate sentence of two to five years, to be served concurrent to each other, and consecutive to the 8 to 25 year sentence imposed in Case No. 86-CR-2730. (*Id.*). For the firearms specification, Mr. Johnson received a determinate sentence of three years' incarceration, to be "served consecutive to and prior to the indefinite terms of imprisonment." (*Id.*). After receiving 103 days' credit, Mr. Johnson's release date was calculated to September 9, 2019. (ECF #9-1, PageID 151).

**Scioto County, Case No. 98-CR-065.** Mr. Johnson pled guilty to a charge of assault. (*Id.* at PageID 108). The trial court imposed a definite term of nine months' incarceration, to be served consecutive to the sentence he was currently serving. (*Id.* at PageID 110). His release date was thus set to June 6, 2020. (*Id.* at PageID 151).

**State Habeas Corpus Petition.** On January 4, 2011, Mr. Johnson, through counsel, filed a petition for writ of habeas corpus in the Scioto County Court of Common Pleas. (*Id.* at PageID 113-17). He alleged BOSC had miscalculated his maximum sentence by adding the definite sentences in 86-CR-2505 (one year for forgery), 90-CR-3028 (three years for gun specification), and 98-CR-065 (nine months for assault) to the end of his maximum sentence ending in 2021 instead of in 2016, as he asserted was the correct calculation. (*Id.* at PageID 114). As such, the scheduling for his parole board hearing was adversely affected. (*Id.*). The trial court reviewed the entire file but found BOSC had calculated the release date as June 6, 2020 and Mr. Johnson failed to establish a

genuine issue of material fact; furthermore, a 2016 release date was not possible given the terms of incarceration he is serving. (*Id.* at PageID 129). The court found Mr. Johnson was not entitled to habeas corpus relief because his sentence was not yet expired. (*Id.*).

**Warren County, Case No. 15-CR-30860.** On September 23, 2015, Mr. Johnson was convicted of possession of a deadly weapon while under detention. (ECF #9-1, PageID 131-33, 178). He received a three-year prison term, to be served consecutive to the current term of his incarceration. (*Id.* at PageID 132; *see also State v. Johnson*, No. CA2015-09-086, 2016 WL 5900143, *9 (Ohio Ct. App. Oct. 11, 2016)). After earning one day of jail time credit, Mr. Johnson's maximum expiration of sentence became June 5, 2023. (ECF #9-1 PageID 151). Mr. Johnson appealed, but the Twelfth District upheld his conviction. *Johnson*, 2016 WL 5900143, at *26. Mr. Johnson did not appeal the Twelfth District's decision to the Ohio Supreme Court.

**Writ of Mandamus.** On May 5, 2016, Mr. Johnson filed a *pro se* petition for a writ of mandamus in the Seventh District, claiming his aggregate maximum sentence was incorrectly calculated and alleging violations of the U.S. Constitution and state law. (*Id.* at PageID 136-43). The Seventh District determined that Mr. Johnson's sentence was correctly computed as June 6, 2023. (*Id.* at PageID 144-49; *see also State ex rel. Johnson*, 2016 WL 4594269 at *3). The Seventh District therefore denied Mr. Johnson's Writ of Mandamus as barred by *res judicata* and without merit. *Id.* Mr. Johnson did not appeal the Seventh District's decision to the Ohio Supreme Court.

**Federal Habeas Corpus.** On July 18, 2019, Mr. Johnson submitted the present petition seeking federal habeas corpus relief, again alleging his aggregated prison sentences have been miscalculated. His petition was received and filed by this Court on July 24, 2019. (ECF #1).

### FEDERAL HABEAS CORPUS

Mr. Johnson's Petition sets forth a single ground for relief. He asserts ODRC incorrectly computed his release date, prolonging his incarceration beyond June 5, 2019, which he asserts was his correct release date. (ECF #1, PageID 9). He alleges this miscalculation violates his Eighth Amendment right to be free from cruel and unusual punishment, and that his liberty interest claim received no meaningful consideration hearing, violating his due process and equal protection rights under the Fourteenth Amendment. (*Id.*).

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Mr. Johnson's Petition for writ of habeas corpus. *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The AEDPA recognizes that "[s]tate courts are adequate forums for the vindication of federal rights" and therefore acts as a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 571 U.S. 12, 19 (2013). It "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone,* 543 U.S. 447, 455 (2005) (internal citation and quotation omitted).

An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion

that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Habeas courts review the last explained state-court judgment on the federal claim at issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000), *cert. denied*, 531 U.S. 1089 (2001). For purposes of § 2254(d)(1), clearly established federal law "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). It includes "the holdings, as opposed to dicta, of [Supreme Court] decisions." *Williams*, 529 U.S. at 412. A state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent. *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam). A state-court decision is an unreasonable determination of the facts only if the court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). A petitioner bears the burden to rebut the state court's factual findings "by clear and convincing evidence." § 2254(e)(1). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

The standard is intended to be difficult to meet and reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Id.* at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307,

332, n. 5 (1979) (Stevens, J., concurring in judgment). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103.

DISCUSSION

As noted above, Mr. Johnson's Petition sets forth a single ground for relief, alleging a miscalculation of his release date by ODRC/BOSC.

**I.      Mr. Johnson's Petition is barred by the one-year statute of limitations of AEDPA.[1]**

Respondent alleges Mr. Johnson's Petition is untimely because it was not brought within the one-year statute of limitations period established by Section 101 of AEDPA, 28 U.S.C. § 2244(d). (ECF #9, PageID 81). Mr. Johnson responds that, because his sentence is "void" as invalid, it may be reviewed at any time and is therefore both cognizable and timely. (ECF #12, PageID 201).

According to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court, as Mr. Johnson is. *See also Duncan v. Walker*, 533 U.S. 167, 179 (2001) (noting that the one-year

---

[1]      If Mr. Johnson was held in federal custody, his petition might be more easily understood as a § 2241 petition, as Mr. Johnson is not challenging his conviction but rather his sentencing. Through this construction, the one-year statute of limitations would not apply, because the (federal) prisoner remains incarcerated, continuing the alleged constitutional harm. However, the Sixth Circuit has instructed that § 2254 applies to all state prisoners. "This circuit has allowed state prisoners to proceed under § 2241, but subject to the restrictions imposed by § 2254," including the one-year statute of limitations. *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006); *see also Rittenberry v. Morgan*, 468 F.3d 331, 338 (6th Cir. 2006) (rejecting "dual-gate" theory for state habeas petitions and holding that § 2254 is the only "gate" by which a state prisoner may obtain federal habeas relief).

limitation period in § 2244(d)(1) meets the interest in the finality of state court judgments). The statute of limitations is not jurisdictional; rather, it is an affirmative defense that a party must raise in the first responsive pleading. *Day v. McDonough*, 547 U.S. 198, 205 (2006); *see also Scott v. Collins,* 286 F.3d 923, 927-28 (6th Cir. 2002). Though not jurisdictional, when the State asserts it and the petition is late, the district court should dismiss the case. *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *see also McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007) (reversing order granting habeas relief because the "gateway requirements" for excusing a time-barred petition—*i.e.*, equitable tolling and actual innocence—had not been satisfied).

 The AEDPA's statute of limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsections (B) and (C) do not apply to Mr. Johnson's claim because he has alleged neither the type of impediment contemplated in subsection (B) nor a newly-recognized right made retroactively applicable to his case on collateral review as required by subsection (C). Therefore, only subsections (A) or (D) are potentially applicable here.

### A.    Subsection (A) does not save Mr. Johnson's Petition.

As outlined above, each of Mr. Johnson's convictions became final on a different date. But Mr. Johnson does not challenge his convictions; instead, he challenges the calculations of his

aggregated sentences. Direct review became final on October 11, 2016, when the Twelfth District upheld his last conviction, which added a consecutive three-year prison term to the sentence he was then serving.[2] *See Johnson*, 2016 WL 5900143, at *26. The time to seek direct review to the Ohio Supreme Court expired forty-five days later, on November 25, 2016. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). AEDPA's one-year statute of limitations thus began to run on November 26, 2016, and concluded on November 27, 2017.[3] Mr. Johnson did not commence this action until July 18, 2019, nearly twenty months later. (ECF #1).

For these reasons, I conclude his Petition is time-barred.

**B.     Subsection (D) also does not save Mr. Johnson's Petition.**

Subsection (D) likewise fails to rescue Mr. Johnson's untimely Petition. Mr. Johnson previously raised claims in state courts regarding the alleged miscalculation of his aggregated sentences, beginning with his January 4, 2011 state court habeas corpus petition. (ECF #9-1, PageID 113-17). That petition contains an affidavit that Mr. Johnson signed on December 28, 2010. (*Id.* at PageID 116). In this petition, Mr. Johnson attests that BOSC "has miscalculated [his] maximum sentence" and thus his "parole board hearing scheduling has been adversely affected . . .." (*Id.* at PageID 114). He provides his own calculations and attests that his release date should be in 2016, rather than in 2021 as the State calculates. (*Id.*). Taking the date of Mr. Johnson's

---

[2]     In addition to the October 11, 2016 date on which the Twelfth District upheld his last conviction on direct appeal, the Seventh District denied Mr. Johnson's state mandamus action on August 31, 2016. *State ex rel. Johnson*, 2016 WL 4594269, at *3 (per curiam). Respondent calculates the finality date for Mr. Johnson's petition via the mandamus action on August 31, 2016. (ECF #9, PageID 82). Regardless of which date is used, Mr. Johnson's petition is not timely.

[3]     November 25, 2016 was a Saturday, meaning the next available business day would be November 27, 2017, the Monday following. *See* Rule 12 of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 6(a)(1)(C).

affidavit, December 28, 2010, as the date on which the factual predicate of his claim was discovered leads to December 28, 2011 as the date on which AEDPA's statutory limitation period expired – a date more than eight years before he filed the Petition in this case.

On this basis, Mr. Johnson's Petition is also time-barred.

### C.    Statutory tolling is unavailing to Mr. Johnson.

Under § 2244(d)(2), the time during which a properly-filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending does not count toward any period of limitation. A claim is tolled under § 2244(d)(1)(A) if the state court grants the petitioner's motion for delayed appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). But Mr. Johnson has not filed for further post-conviction or collateral review pertinent to his sentence-miscalculation claim since his state mandamus petition to the Seventh District. Mr. Johnson has not presented any evidence that would indicate he plans to submit a motion for delayed appeal to the Ohio Supreme Court. Therefore, I conclude that tolling under § 2244(d) does not save Mr. Johnson's untimely commencement of this action.

### D.    Equitable tolling is equally unavailing to Mr. Johnson.

AEDPA's statute of limitations is not "an inflexible rule requiring dismissal whenever its clock has run" and is "subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645-46, 649 (2010) (internal quotations omitted). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As described above, Mr. Johnson has pursued his rights in state court at multiple points since he was first convicted. (*See* ECF #11, PageID 192). However, this has not translated to diligence in pursuing federal habeas relief; as noted, in the best-case scenario, Mr. Johnson waited over a year past expiration of the AEDPA statute of limitations to pursue this claim. Such a lapse in pursuing habeas corpus relief can show a petitioner's failure to pursue his rights diligently. *Compare Holland*, 560 U.S. at 653 *with Pace*, 544 U.S. at 419. And Mr. Johnson has not asserted an extraordinary circumstance barred him from timely filing. (*See* ECF #12, PageID 199-203). Rather, he asserts the sentence itself is void, and argues that "a void judgment or sentence may be reviewed at any time, [thus] a delay is irrelevant." (*Id.* at PageID 201). This assertion does not satisfy *Pace*.

I conclude Mr. Johnson is not entitled to equitable tolling.

### E. Mr. Johnson does not argue actual innocence as a basis to excuse an otherwise untimely habeas filing.

A showing of actual innocence also tolls the limitations period. *Souter v. Jones*, 395 F.3d 577, 597 n.12 (6th Cir. 2005). Courts apply the same actual-innocence standard developed in *Schlup v. Delo*, requiring the petitioner to present new reliable evidence to "show that it is more likely than not that no reasonable juror would have found [the defendant] guilty beyond a reasonable doubt." *McCray*, 499 F.3d at 571 (quoting *Schlup*, 513 U.S. 298, 327 (1995)). The exception is rare and only applied in extraordinary cases. *See Schlup*, 513 U.S. at 321; *see also Souter*, 395 F.3d at 590.

Mr. Johnson does not assert actual innocence in his Petition. Instead, his Petition challenges only the computation of his sentence and the attendant rights infringed by the alleged prolonging of his sentence. (*See* ECF #1). Thus, actual innocence is not satisfied and tolling of the limitations period is not available to Mr. Johnson.

## II.   Procedural default bars Mr. Johnson's federal habeas corpus Petition.

Even if Mr. Johnson could overcome AEDPA's statute of limitations, his claim is

procedurally defaulted for failure to fully pursue his state court remedies.

### A.   Mr. Johnson failed to raise his sentence computation claim in the Ohio Supreme Court, resulting in procedural default.

Principles of federalism and comity generally bar federal habeas corpus review of

"contentions of federal law . . . not resolved on the merits in the state proceeding due to [the]

failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87

(1977).

> When a petitioner has defaulted his federal claims in state court pursuant to an
> independent and adequate state procedural rule, federal habeas review of the claims
> is barred unless the prisoner can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of federal law, or demonstrate that failure
> to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default occurs when a petitioner fails

to present fairly to the highest state court his claims in a federal constitutional context. *O'Sullivan*

*v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 7-8 (1982). Moreover, failure

to present a claim to the highest state court deprives a federal court hearing a habeas petition of

jurisdiction on that issue.[4] *See McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied*,

532 U.S. 958 (2001).

---

[4]     In other contexts, the reviewing federal court applies four-part *Maupin* test to
determine if procedural default may be excused:

> If the state argues a petitioner has procedurally defaulted his claims, the court must
> conduct a four-step analysis to determine whether the petitioner has indeed defaulted and,
> if so, whether the procedural default may be excused:

Here, the state court record contains no evidence that Mr. Johnson appealed the computation of his sentence to the Ohio Supreme Court. (*See* ECF #9-1, PageID 152-85). It appears Mr. Johnson appealed this issue to the Seventh District, but did not later appeal that decision to the Ohio Supreme Court. (*See id* at PageID 184-85). Therefore, because Mr. Johnson did not present his sentence-calculation claim to the Ohio Supreme Court, I conclude his claim is procedurally defaulted, and thus this Court lacks jurisdiction. *See O'Sullivan*, 526 U.S. at 848 (noting that petitioner's "failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims"); *Mosley v. Petro*, No. 5:04CV726, 2006 WL 2640958, at *7 (N.D. Ohio Sept. 13, 2006) ("A petitioner procedurally defaults those claims that he fails to appeal to the Ohio Supreme Court.").

---

First, the federal court must determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with that rule.

Second, the federal court must determine whether the state courts actually enforced the state procedural sanction—that is, whether the state courts actually based their decisions on the procedural rule.

Third, the federal court must consider whether the procedural rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim....

Fourth, if the federal court answers the first three questions in the affirmative, it would not review the petitioner's procedurally defaulted claim unless the petitioner can show cause for not following the procedural rule and that failure to review the claim would result in prejudice or a miscarriage of justice.

*Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (internal citations omitted)), *cert. denied*, 536 U.S. 947 (2002).

**B. Mr. Johnson does not meet the cause and prejudice standard to excuse his procedural default.**

A habeas petitioner may secure review of procedurally defaulted claims if cause exists for the failure to follow state procedural rules, as well as actual prejudice from the alleged constitutional violation(s). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[,] '. . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule.'" *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The habeas petitioner bears the burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). To establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).

Here, Mr. Johnson acknowledges that exhaustion "must be applied in each case" to allow the state court "to correct its own errors so as to moot judicial controversies." (ECF #11, PageID 192). His Traverse also acknowledges that "a petitioner must demonstrate exhaustion of state court remedies unless there is an absence of available state corrective process . . . or circumstances exist that render such process ineffective to protect the rights of the applicant." (ECF #11, PageID 192). Despite acknowledging § 2254(b)'s exhaustion requirement, Mr. Johnson does not assert he was prevented from pursuing his available state court remedies to the Ohio Supreme Court, either through an absence of available state corrective process or circumstances that rendered the process ineffective to protect his rights. (*See id.* at PageID 192-95). Mr. Johnson has not argued that a substantial reason external to himself prevented him from exhausting his state court remedies. Instead, he appears to argue that exhaustion of state court remedies should be excused due to his

history of having attempted to obtain state court remedies (but again, without showing these attempts were ever presented to the highest state court). (*Id.* at PageID 192). Having carefully reviewed his filings and the state court records, I find Mr. Johnson has not presented cause sufficient to overcome the requirement to present his claim to the highest state court. I reaffirm that his claim is procedurally defaulted.

Because Mr. Johnson has not established cause for the procedural default, I do not reach the issue of prejudice. "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)).

### C. Mr. Johnson does not invoke the fundamental miscarriage of justice exception to excuse his procedural default.

Alternatively, absent cause and prejudice, a habeas petitioner may "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Rather than establishing cause and prejudice, it appears Mr. Johnson relies on "any other reason" (ECF #11, PageID 192) for excusing procedural default as a claim that this Court's failure to consider his petition will result in a fundamental miscarriage of justice. He presents that the State relied on an opinion in conflict with state sentencing legislation such that he was subjected to double jeopardy. (*Id.* at PageID 192-94). He asserts this conflict resulted in his definite sentences being added to both his minimum and maximum terms of imprisonment. (*Id.* at PageID 193). He further asserts that, in so doing, the State delayed his parole board hearing. (*Id.* at PageID 194). In all, he claims he has been incarcerated past his release date of June 5, 2019. (*Id.* at PageID 193).

As discussed further below, I have considered his claim of double jeopardy and found it lacking. Therefore, there is no reason to excuse the procedural default because a fundamental miscarriage of justice will not occur absent this Court's review.

## III.    Even if reviewed on its merits, Mr. Johnson's Petition provides no basis for federal habeas relief.

Even if reviewed on its merits, Mr. Johnson's Petition does not presented any claim warranting federal habeas corpus relief. Mr. Johnson seeks relief from his sentence, arguing he is being deprived of his liberty in violation of the Constitution of the United States. (ECF #1, PageID 2). He alleges that each consecutive sentence he received was aggregated into his minimum sentence, and that the one- and three-year definite sentences were added to both the maximum and minimum portions of his indefinite sentences. (*Id.* at PageID 2-6; ECF #11, PageID 193-94). Respondent argues BOSC correctly calculated Mr. Johnson's sentence, and that Mr. Johnson's sentence-calculation challenge raises a state law issue not cognizable in federal habeas corpus proceedings. (ECF #9, PageID 76). I agree with Respondent, and thus conclude that even on its merits, Mr. Johnson's Petition presents no basis for federal habeas corpus relief.

### A.    Mr. Johnson primarily presents an issue of state law.

Mr. Johnson argues that BOSC miscalculated his sentence by adding the definite sentences to both the maximum and minimum portions of his indefinite sentences. (ECF #1, PageID 2-6, ECF #11, PageID 193-94). Respondent counters that Mr. Johnson raises a state-law issue not cognizable in federal habeas corpus, and that the Seventh District's decision upholding Mr. Johnson's sentence calculation was not an unreasonable application of United States Supreme Court precedent. (ECF #9, PageID 76).

As proof of his sentence miscalculation, Mr. Johnson points to a letter from BOSC dated July 13, 2010, stating the one-year definite term in Case No. 86-CR-2730 "must be added to both the minimum and maximum terms" and the three-year gun specification in Case No. 90-CR-3208 "was ordered consecutive to your max also." (ECF #1-1, PageID 11). Mr. Johnson alleges BOSC's admissions amount to double jeopardy. (*See, e.g.,* ECF #11, PageID 193-94).

It is well-settled that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotations omitted). A federal habeas court may not reexamine state court determinations based solely in state law. *Bradshaw v. Richey*, 546 U.S. 74, 76, (2005). Rather, a state court's interpretation of state law "binds a federal court sitting in habeas corpus." *Id.* Thus, federal courts may not issue a writ of habeas corpus on the basis of a perceived error of state law but are limited only to deciding whether a petitioner's conviction (or, as here, application of a sentence) violated the Constitution, laws, or treaties of the United States. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also* 28 U.S.C. § 2254(a).

Moreover, a federal habeas court may not review a claim that a state court previously rejected "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729-30. The adequate and independent rule applies whether the state law ground is substantive or procedural. *Id.* Under this review, the federal habeas court does not review the judgment, but the lawfulness of the petitioner's custody, grounded in concerns of comity and federalism. *Id.* at 730. I conclude that Mr. Johnson's assertion that BOSC erred in calculating his maximum sentence is a matter of state law and is not cognizable under § 2254. *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle*, 502 U.S. at 68).

Reviewing the Seventh District's analysis in Mr. Johnson's state mandamus action, it does not appear that the calculation of Mr. Johnson's sentence violated the Constitution, laws, or treaties of the United States. *See Johnson*, 2016 WL 4594269. The Seventh District first found that *res judicata* applied to bar his mandamus action because the state court had previously resolved the same claim in Mr. Johnson's state habeas corpus petition). *Id.* at *2.[5] Next, the Seventh District reviewed the multiple sentences imposed and found that Mr. Johnson's argument against the aggregation of his sentences relied on a misapplication of Ohio Revised Code § 2929.41. *Id.* Mr. Johnson misapplied the statute's provisions "by treating his definite sentences of 1 year for forgery, 3 years for the firearm specification, and 9 months for prison assault as indefinite sentences." *Id.* at *3. The Seventh District explained that, contrary to Mr. Johnson's interpretation, "his firearm specification sentence and definite sentences were not to be added to the aggregate of his minimum indefinite sentences but were to be served prior to the commencement of his indefinite sentences. Therefore, the maximum expiration of [Mr. Johnson's] sentence was correctly calculated by Respondents as June 6, 2023." *Id.*

Because the Seventh District's decision rests on state law grounds, federal habeas relief does not lie absent a violation of the Constitution, laws, or treaties of the United States. Finding no such violation, I thus determine Mr. Johnson's claim is not cognizable.

---

[5] That case determined that Mr. Johnson failed to establish a genuine issue of material fact and that his proposed release date was not possible given the terms of his incarceration. (ECF #9-1, PageID 129-30).

**B.** **Mr. Johnson's liberty interest claim does not afford him federal habeas corpus relief.**

Because Mr. Johnson's claim relies on alleged state law errors in calculating his sentence, his claim is not cognizable in federal habeas corpus review. *See, e.g., Estelle*, 502 U.S. at 67. However, a Petition grounded in state law errors may afford federal habeas relief, if the state statute at issue confers a "liberty interest." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). State law may create protected liberty interests in, for example, parole or good time credits. *Id.* at 461 (collecting cases and reviewing applicable Supreme Court precedent). But "as long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Id.* at 460-61.

Mr. Johnson alleges his release date should have been June 5, 2019. (ECF #1, PageID 8-9). Mr. Johnson further realleges his same claim from his state court action: that his definite sentences were added to the minimum portion of his indefinite sentence, and in so doing, his parole board date was moved from 1992 to 1997. (*Id.*). These two allegations do assert an alleged violation of Mr. Johnson's liberty interest, and as such, permit federal habeas corpus review.

But even reviewing the merits of Mr. Johnson's Petition, it does not appear that Mr. Johnson is entitled to federal habeas corpus relief. If Mr. Johnson's release date was June 5, 2019, continued incarceration past that date might warrant relief. But, despite his allegations, it is not apparent how Mr. Johnson calculated June 5, 2019 as his "correct" release date. (*See id.*; *see also* ECF #11, PageID 192-95). A September 27, 2019 letter from BOSC provides a case-by-case summation and calculation of Mr. Johnson's sentence, beginning with his first conviction in 1987

21

and continuing with a new calculated release date for each additional conviction and sentence thereafter; that letter provides that, after good time credits are applied, Mr. Johnson's release date is June 5, 2023. (ECF #9-1, PageID 151). In contrast, Mr. Johnson's calculations appear premised on the same erroneous misapplication of state law already discussed in his state habeas corpus and mandamus actions. (*Compare id. with Johnson*, 2016 WL 4594269, ECF #1, PageID 8-9, *and* ECF #11, PageID 192-95). As affirmed by the Seventh District, his definite sentences and firearm specification sentence were to be served prior to the commencement of his indefinite sentences. *Johnson*, 2016 WL 4592469 at *3. Only after those terms were complete did Mr. Johnson begin serving the aggregated indefinite sentences. Applying that principle results in the sentence calculated by BOSC—a term not concluding until June 5, 2023. (ECF #9-1, PageID 151). Thus, because he is not serving a term beyond his maximum sentence, Mr. Johnson's asserted liberty interest is not violated, and he is not entitled to federal habeas corpus relief.

It also does not appear that the State violated Mr. Johnson's liberty interest with respect to his parole board hearing. Rather, the record reflects that Mr. Johnson "was heard several times by the Parole Board," most recently on November 29, 2018, when he was continued to his maximum date of June 5, 2023. (*Id.*). Respondent acknowledges that some hearings were continued, but also that Mr. Johnson "refused to participate" in others (*id.*) – a claim that Mr. Johnson does not dispute in his Traverse (ECF #11). Therefore, it does not appear that Mr. Johnson's due process rights or liberty interest were violated vis-à-vis his parole board hearings. Mr. Johnson is not entitled to federal habeas corpus relief on this basis.

**IV.  Mr. Johnson is not entitled to an evidentiary hearing on the issues presented in his Petition.**

Finally, within his briefings, Mr. Johnson requested this Court grant him a hearing on his Petition, although he did not specifically move for the same. (*See, e.g.*, ECF #11, PageID 192). Despite claiming this Court can decide his case "only after the federal court has satisfied itself, by holding a hearing . . . " (*id*), a hearing is not required to review federal habeas petitions. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

An evidentiary hearing is within the district court's discretion, but is not required on issues that can be resolved by reference to the state court record. *Id.* Therefore, to prevail in a motion for an evidentiary hearing, a federal habeas petitioner must demonstrate there are sufficient grounds for release, relevant facts in dispute, and the state courts did not hold a full and fair evidentiary hearing. *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001). Mr. Johnson has not met this standard.

First, as discussed above, sufficient grounds for relief are not present in Mr. Johnson's case. The compounding effect of his multiple sentences, the varying length of his indeterminate sentences, and the many years of Mr. Johnson's incarceration are serious. Despite this, Mr. Johnson has not presented sufficient grounds for his release and this first prong is not met.

Next, Mr. Johnson has not shown that relevant facts are in dispute that could only be resolved through an evidentiary hearing. In his Supplemental Traverse Motion responding to the Return of Writ, Mr. Johnson attacks Respondent's assertion that Mr. Johnson "was eventually released to parole" and later was charged, convicted, and sentenced for additional crimes, making his release date September 7, 2019. (ECF #9, PageID 74). Mr. Johnson points to the assertion that he was "released" as proof that the person who has authority over his records "has made a

23

substantial error in the records" such that "decisions [were] made on the basis of fabricated evidence and as a result of other wrongful conduct by state officials" and requires an evidentiary hearing to resolve the factual dispute. (ECF #12, PageID 202).

Mr. Johnson is correct in stating he has not been "released" from custody since his pretrial custody in 1986. But Mr. Johnson acknowledges he *escaped* from custody in 1990. (ECF #9-1, PageID 138). On November 1, 1990, Mr. Johnson was indicted on charges of having weapons while under disability, escape, and theft (each with additional specifications). (ECF #9-1, PageID 167). Mr. Johnson was not convicted of the escape charge, but was convicted of the other two charges. (*Id.* at PageID 105, 167-68). Because Mr. Johnson was not convicted of escape, it is not readily apparent in the record why Mr. Johnson was not in custody when the theft occurred, but becomes clearer after review of decades-old, handwritten court dockets. (*See id.* at PageID 167). Respondent's error in using "released to parole" is an apparent scrivener's error and does not present the type of issue that must be resolved by an evidentiary hearing. Instead, Mr. Johnson's claim can be determined by a thorough review of the available written record. As such, Mr. Johnson has not met this prong.

Finally, Mr. Johnson has not alleged that the state court failed to conduct a full and fair evidentiary hearing. (ECF #11, Page ID 192; ECF #12, PageID 202). My review of the state court record does not reveal any evidentiary issues. Therefore, Mr. Johnson does not meet this prong.

I therefore recommend Mr. Johnson's request for an evidentiary hearing be denied.

## V. The Court should not issue a certificate of appealability.

A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability (COA) and specifies the issues that can be raised

on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has determined a petitioner's constitutional claim to be without merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* A showing that the appeal would succeed on the claim is not required to granting of a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Mr. Johnson has not made a substantial showing that BOSC's sentence calculations violated his constitutional rights. Reasonable jurists would not find this assessment of Mr. Johnson's claim debatable or wrong. A COA is thus unwarranted in this matter.

CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, I recommend Mr. Johnson's Petition be

**DISMISSED**. I further recommend that Mr. Johnson's request for an evidentiary hearing be

denied. Finally, I recommend that Mr. Johnson not be granted a certificate of appealability.

Dated: July 26, 2022

_____

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

## Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).