UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roger Johnson,                                  Case No. 3:19-cv-1692

           Petitioner,

     v.                                           MEMORANDUM OPINION
                                                   AND ORDER

Warden Kim Henderson,

           Respondent.

## I. INTRODUCTION

Petitioner Roger Johnson[1] filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning the appropriate calculation of his maximum aggregate sentence stemming from a total of six convictions dating back to 1987. (Doc. No. 1). Magistrate Judge Darrell A. Clay reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I dismiss Johnson's petition. (Doc. No. 13). Following my order granting an extension, (Doc. No. 15), Johnson filed objections to Judge Clay's Report and Recommendation. (Doc. No. 16). For the reasons stated below, I overrule Johnson's objections and adopt Judge Clay's Report and Recommendation.

---

[1] Johnson has been released from prison and currently is under the supervision of the Ohio Adult Parole Authority. *See* https://appgateway.drc.ohio.gov/OffenderSearch (last accessed July 10, 2023). Parole supervision satisfies the "in custody" requirement for federal habeas proceedings. *See, e.g., Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020).

## II. BACKGROUND

In 2016, Johnson filed an action seeking a writ of mandamus compelling the Ohio Department of Rehabilitation and Correction ("ODRC") and the Bureau of Sentence Computation ("BOSC") to recalculate the maximum expiration date of his aggregate indefinite sentence. The Court of Appeals of Ohio, Seventh District, provided the following summary of Johnson's petition:

> This case concerns the calculation of multiple sentences stemming from Relator's multiple criminal cases spanning over 12 years. According to Relator, in a 1986 case he was sentenced to 8 to 25 years for aggravated robbery. In another case from that same year, Relator was sentenced to 1 year for forgery. In a 1990 case, Relator was sentenced to 2 to 5 years for theft and having a weapon while under disability and a consecutive 3–year gun specification sentence. And in a 1998 case, he was sentenced to 9 months for a prison assault.
>
> Relator argues that the 1–year forgery sentence, the 3–year gun specification sentence, the 9–month prison assault sentence, and the 2–year minimum sentence for the theft and having a weapon while under disability convictions should have all been added to the 8–year minimum term of his aggravated robbery sentence. He also argues that the 5–year maximum term for the theft and having a weapon while under disability convictions should have been added to the 25–year maximum term for his aggravated robbery sentence. According to his calculations, Relator contends his aggregate indefinite sentence should be 14 years, 9 months to 30 years. Although Relator does not provide a specific calculation of a specific release date, he alleges that his 30–year maximum sentence expires in 2016.
>
> The exhibits attached in support of Relator's petition reveal that he was also sentenced in 2015 to a 3–year consecutive sentence for possession of a deadly weapon while under detention.

*Johnson v. Ohio Dep't of Rehab. & Corr. Bur. of Sentence Computation*, 2016-Ohio-5645, 2016 WL 4594269, at *1 (Ohio Ct. App. Aug. 31, 2016).

The Seventh District concluded Johnson's petition for a writ of mandamus was barred by the doctrine of res judicata and that, even if it was not barred, his claims lacked merit:

> Applying all four subsections of R.C. 2929.41(C) results in the correct sentence calculated by Respondents. According to Relator's petition, he was sentenced to two indefinite consecutive sentences: 8 to 25 years for aggravated robbery and 2 to 5 years for theft and having a weapon while under disability. The resulting aggregate consecutive indefinite sentence is an indefinite sentence minimum of 10 years and an indefinite sentence maximum of 30 years, or more simply put, 10 to 30 years. [O.]R.C. 2929.41(C)(4) expressly instructs that Relator's 3–year firearm specification

>sentence and remaining definite sentences of 1 year for forgery, 9 months for assault, and 3 years for possession of a deadly weapon while under detention must be served prior to the commencement of his aggregated indefinite sentences. In other words, contrary to Relator's misinterpretation and misapplication of the statute, his firearm specification sentence and definite sentences were not to be added to the aggregate of his minimum indefinite sentences but were to be served prior to the commencement of his indefinite sentences. Therefore, the maximum expiration of Relator's sentence was correctly calculated by Respondents as June 6, 2023.

*Id.*, at *3. (*See also* Doc. No. 13 at 2) (incorporating the Seventh District's recitation of the background of Johnson's case).

Johnson objects to Judge Clay's description of the factual and procedural background of his state court proceedings, arguing the courts have simply taken the word of the ODRC and the BOSC and ignored his "evidence." (Doc. No. 16 at 1).

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Johnson must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. *Id. See also Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)). Johnson has not done so, as he fails to acknowledge that the Seventh District expressly reached its decision after adopting his description of his case. *See Johnson*, 2016 WL 4594269, at *1. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 13 at 2-6).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention

3

on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Johnson presents one ground for relief, that the ODRC and the BOSC incorrectly computed his release date, causing him to be incarcerated beyond his maximum aggregate sentence and violating his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment due process and equal protection rights. (Doc. No. 1). Judge Clay recommends I dismiss Johnson's petition because (1) it is time-barred, (2) his sentence computation claim is procedurally defaulted, and (3) his sentence computation claim raises an issue of state law which is not cognizable in federal habeas proceedings. (Doc. No. 13 at 9-23).

Judge Clay first concludes Johnson's petition must be dismissed because it is untimely. Habeas petitions by state court prisoners must be filed within one year of "the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d).

As Judge Clay noted, Johnson's sentence became final no later than November 27, 2016, when the time period to seek direct review from the Supreme Court of Ohio regarding his appeal of his 2015 conviction for possession of a deadly weapon while under detention. (Doc. No. 13 at 10-11). Johnson did not file his petition until July 18, 2019, well after the expiration of the one-year limitations period.

Johnson objects to this conclusion, arguing his sentence is void and therefore he may challenge it at any time. (Doc. No. 16 at 1-2). According to Johnson, [i]f the sentence set forth in the judg[]ment entries differs from the application (or performance of that sentence), then one of them is <u>invalid</u>, which makes the sentence void!" (*Id.* at 1) (emphasis in original).

But Johnson does not point to any case in which a court adopted his view. While it is true that "[i]ncarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation," *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003), it simply does not follow that an alleged period of unlawful incarceration following the completion of a sentence somehow annuls the legality of the entire prior period of incarceration. Johnson's voidness argument has no merit, and he has not offered any other justification for his untimely filing. Therefore, I overrule his objection and dismiss his claim as barred by the one-year limitations period imposed in § 2244(d).

5

Even if I assume, for the sake of argument, that Johnson's petition is not time-barred, I conclude he is not entitled to relief. First, as Judge Clay concluded, Johnson's sentence computation claim is barred by the procedural default rule.

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)). The procedural default rule prohibits a habeas court from considering a federal claim if the last reasoned state court decision in the case "clearly and expressly states that [the decision] rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citations and internal quotation marks omitted).

Johnson did not pursue his sentence computation claim through Ohio's ordinary appellate review procedures. He raised this claim in his petition for a writ of mandamus and the Seventh District Court of Appeals rejected it. *Johnson*, 2016 WL 4594269. Johnson did not appeal and the time to do so has long expired. Further, he cannot establish cause to excuse his procedural default because he has not offered any explanation for his failure to comply with Ohio's appellate procedures. Therefore, his claim is barred by the procedural default rule.

Finally, even if I were to excuse his procedural default, Johnson's claim still would be subject to dismissal because the computation of a state inmate's prison term "involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen*, 65 F. App'x at 959 (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). The Seventh District's conclusion that

6

Johnson's sentence computation claim has no merit, *Johnson*, 2016 WL 4594269, at *2-3, is not based upon an unreasonable interpretation of the facts or an unreasonable application of controlling Supreme Court precedent. *Kipen*, 65 F. App'x at 959 (citation omitted). Therefore, I overrule his objection and dismiss his claim.

### V. CONCLUSION

For the reasons stated above, I deny Johnson's motion for de novo review as redundant of the statutory requirements stated in § 636(b)(1)(C) and overrule his objections, (Doc. No. 16), to Judge Clay's Report and Recommendation, (Doc. No. 13), and adopt the Report and Recommendation in full. I conclude Johnson's petition is barred by § 2244(d)'s one-year limitations period and, in the alternative, that his claim is procedurally defaulted and not cognizable in federal habeas proceedings.

Further, a habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Johnson's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge